IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO: 2:21-cr-502 |
| ) | |
| v.  ) | **SENTENCING MEMORANDUM** |
| ) | |
| DARNELL KHAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## Introduction

Defendant, Darnell Khan, by and through his undersigned attorney, hereby submits, for the Court's consideration, this Sentencing Memorandum. For reasons set forth below, Mr. Khan respectfully requests that the Court sentence him to a term of incarceration that is at the bottom of the Sentencing Guidelines range as determined by the Court, and that will be served concurrently with his state sentence.

## Procedural History

Mr. Khan is one of two co-defendants in a three count Indictment in the District Court of South Carolina, Charleston Division. The Indictment was filed under seal on August 11, 2021, and unsealed on August 16, 2021. On May 16, 2022, he, along with the undersigned, appeared in U.S. District Court before the Honorable Richard M. Gergel, and entered a plea of guilty to Count Three of the Indictment.

After a presentence investigation, Mr. Khan, with a criminal history category of VI, and total offense level of 22, is facing a guidelines sentencing range as determined by the revised presentence report, dated August 16, 2022, of imprisonment of 84 to 105 months. (PSR 22, #82). However, Objections numbers 2, 3, and 4, as addressed in the Addendum to the presentence report, have not been resolved as of the filing of this

Sentencing Memorandum. Additionally, there appears to be a conflict between Objection number 1 and the revised PSR concerning paragraphs 55 to 64 and paragraph 82, which may also need to be addressed by the Court at the sentencing hearing.

## Goals of Sentencing

Title 18 U.S.C. § 3553(a) compels application of a more equitable sentencing scheme. In determining the sentence to be imposed, a district court must consider the advisory Guidelines range and sentencing factors set out in Section 3553(a). *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). In sentencing a defendant, district courts are mandated to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

Section 3551 states that a defendant found guilty of a federal offense "shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of § 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case." 18 U.S.C. § 3551(a).

The purposes of sentencing set forth in Section 3553 (a)(2) are: 1) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment); 2) deterrence (to deter other individuals from committing similar crimes); 3) incarceration (to protect the public from further crimes by the defendant); and 4) rehabilitation (to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner). The sufficient-but-not-greater-than-necessary requirement is not simply another "factor" to

be considered along with the others set forth in Section 3553(a). Rather, the sufficient-but-not-greater-than-necessary requirement sets an independent limit on the sentence a court should impose.

Because the Sentencing Guidelines were made advisory by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), District Court Judges have a renewed, virtually unlimited, ability to consider facts relevant to the Section 3553(a) factors in fashioning a sentence. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

To comply with the four purposes described above, the sentencing court must then consider the following seven factors identified in 18 U.S.C. § 3553(a)(1)-(7) which are summarized as follows:

> *(1) The nature and circumstances of the offense and the history and characteristics of the defendant;*
> *(2) The need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide educational or vocational training to the defendant;*
> *(3) The kinds of sentences available;*
> *(4) The kind of sentence and the sentencing range established pursuant to the U.S. Sentencing Guidelines;*
> *(5) Any pertinent policy statement issued by the Sentencing Commission;*
> *(6) The need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and*
> *(7) The need to provide restitution to any victims of the offense.*

Consideration of the Guidelines is only "the starting point and the initial benchmark." *Gall v. U.S.*, 552 U.S. 38, 39, 128 S.Ct. 586, 596 (2007) The sentencing court must make an individualized assessment based on the facts presented and may not assume that the Guidelines range is reasonable. *Id*. at 40-41. In order to fully

consider the facts and circumstances surrounding the defendant and the offense, the following is presented.

### Personal

Mr. Khan is currently thirty nine years old. His father age 85, resides in Nashville, Tennessee; Mr. Khan has a limited relationship with his father. His mother is 58 years old, and currently resides in Columbia, SC. Mr. Khan was raised by his mother and grandmother, with whom he has close relationships. He has a half-brother, and a 54 year old cousin with whom he is also close. He maintains regular contact with his 21 year old son, who resides in Columbia. He doesn't have an extensive employment record because he's spent so much of his adult life in prison.

Mr. Khan was born in Queens, NY, in 1982, and lived there with his mother and grandmother until 1997, when the family moved to Columbia, South Carolina, where he lived in a home with a stepfather who was physically abusive to him and his mother.

### Sentencing

Mr. Khan has been in the custody of the South Carolina Department of Corrections since February 12, 2015, when he began serving a 25 year sentence for voluntary manslaughter, attempted armed robbery, and burglary, first. On information and belief, his projected release date is in 2034. If accurate, he still has approximately twelve years left to serve on that sentence.

Title 18 U.S.C. § 3584 (a) provides in pertinent part that " . . . if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple

4

terms of imprisonment imposed at different times run consecutively unless the court orders the terms are to run concurrently."

Section 5G1.3(a) of the advisory Sentencing Guidelines provides, in pertinent part, that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."

However, the same guidelines section, in subpart (d) Policy Statement, provides in pertinent part that " . . .[I]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively . . . to achieve a reasonable punishment for the instant offense."

Application note 4 explains in some detail how the provisions of subsection (d) may be applied. Mr. Khan respectfully requests the Court to consider the information in subparts (A) and (B) of this application note when making its determination for an appropriate sentence.

Mr. Khan is currently under medical care and is being treated for depression for which he was originally diagnosed in 2011. He is taking daily doses of Zoloft for depression and Remeron to help him sleep. At age 13, he began to use marijuana daily, as well as alcohol, which continued until at least 2015 when he began serving this current term of imprisonment. The defendant requests that he be permitted to attend alcohol and substance abuse treatment.

Mr. Khan does not need to be incarcerated for this offense for any extended period of time. A sentence of no more than 84 months, to be served in a state facility,

and concurrently with the remainder of his state sentence, would reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for Mr. Khan, in addition to deterring other individuals from committing similar crimes. It is a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

## Conclusion

For the reasons stated above, Darnell Khan respectfully requests that the Court grant his request for a concurrent sentence, to be served in a state correctional facility.

We also request that the Court recommend that Mr. Khan be provided every opportunity to allow him to participate in any and all educational and vocational programs, as well as any alcohol and substance abuse classes available.

                                          Respectfully submitted,

                                          s/G. Wells Dickson, Jr.
                                          **G. WELLS DICKSON, JR.**
                                          Wells Dickson, P.A.
                                          Attorney at Law
                                          124 S. Academy Street
                                          Post Office Box 819
                                          Kingstree, South Carolina 29556
                                          (843) 354-5519
                                          chas@wellsdickson.com
                                          FEDERAL IDN:  538
                                          ATTORNEY FOR THE DEFENDANT,
                                          DARNELL KHAN

Kingstree, South Carolina
September 11, 2022

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date I caused one true copy of the written document to be served in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on all parties of record.

                                      s/ G. Wells Dickson, Jr.
                                      G. Wells Dickson, Jr.